IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BROWN TRUCK & EQUIPMENT SALES, LLC, a Tennessee Limited Liability Company,<br><br>            Plaintiff,<br><br>v.<br><br>NEWTON D. BOX II,<br><br>            Defendant. | Case No. 21-CV-537-JFH-SH |

## OPINION AND ORDER

Before the Court is a motion to dismiss or, in the alternative, stay ("Motion") filed by Defendant Newton D. Box II ("Box"). Dkt. No. 7. Plaintiff Brown Truck & Equipment Sales, LLC ("Brown") opposes the Motion. Dkt. No. 8. For the reasons explained, the Motion is GRANTED. The Court will stay the case pending resolution of Tulsa County Case No. CJ-2019-4994 (the "State Lawsuit").

## BACKGROUND

Brown filed suit against Box in December 2021 alleging tortious interference with business relations. Dkt. No. 2. Both Brown and Box work in the construction equipment and heavy machinery industry. *Id.* at 3. Brown alleges that after a business deal between the parties soured, Box complained about it to a representative of third-party entity Machinery Trader, describing a Brown representative as a "snake," saying that person's "word is no good," and sending Better Business Bureau reports about Brown to Machinery Trader "in an attempt to characterize [Brown] in a negative way." *Id.* at 2. Machinery Trader allegedly subsequently removed Brown from its website, which damaged Brown's business and reputation. *Id.* at 2-3.

This lawsuit is not Brown and Box's first adversarial proceeding. Box's company, Boxcer Construction Equipment Inc. ("Boxcer"), filed suit against Brown in Oklahoma state court in 2019. *See* Tulsa County Case No. CJ-2019-4994.[1] The State Lawsuit alleges that Boxcer purchased a used truck from Brown, pre-paid for the truck, refused the truck when it was delivered, and has been unsuccessful in obtaining a refund of the pre-paid purchase price. Dkt. No. 7-1 at 2. Boxcer brought claims of "money had and received" and implied contract against Brown. *Id.* at 3. Brown counterclaimed against Boxcer, alleging breach of contract in Boxcer's refusal to accept the truck, tortious interference with business relations, and defamation related to "false and malicious statements" Boxcer made to Machinery Trader. *Id.* at 3-4. The State Lawsuit has completed discovery and a pretrial conference order was entered March 11, 2022, detailing the claims, defenses, governing law, witnesses, exhibits, and remaining pretrial scheduling dates. *See generally id.* Trial in the State Lawsuit is set for January 23, 2023. *Id.* at 9. In his Motion, Box requests the Court dismiss or stay this lawsuit because of the pendency of the State Lawsuit, or alternatively dismiss the case for failure to state a claim. Dkt. No. 7.

## AUTHORITY AND ANALYSIS

### I.  Legal Standard

Concurrent jurisdiction with state courts does not divest federal courts of the "virtually unflagging obligation" they have "to exercise the jurisdiction given them." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817-18 (1976)). "[A] federal court will not and should not shy away from contemporaneously

---

[1] The Court takes judicial notice of the State Lawsuit's online docket. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

exercising concurrent jurisdiction with a state court in the ordinary course of things." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013).  However, in certain circumstances first described in the Supreme Court's *Colorado River* decision, the Court may "dismiss or stay a federal action in deference to pending parallel state court proceedings, based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Fox*, 16 F.3d at 1080 (internal quotations omitted).  Circumstances meriting application of *Colorado River* "though exceptional, do nevertheless exist." *Osguthorpe*, 705 F.3d at 1233.  "[A]voidance of duplicative litigation[] is at the core of the *Colorado River* doctrine . . . . Its goal is to preserve judicial resources." *Id.* (quotations omitted).

When considering whether to apply the *Colorado River* doctrine, the Court must first determine whether the state and federal cases are parallel. *Fox*, 16 F.3d at 1082.  "Proceedings may be parallel even if they are 'far from identical'" as long as "the circumstances show[] that substantially the same parties are litigating substantially the same issues in both the federal and state cases." *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 589-90 (10th Cir. 2018) (quoting *Osguthorpe*, 705 F.3d at 1233).[2]  If the cases are parallel, the Court considers seven (7) factors:

> 1. Whether the state or federal court first assumed jurisdiction over the same res;
>
> 2. The inconvenience of the federal forum;
>
> 3. The desirability of avoiding piecemeal litigation;
>
> 4. The order in which jurisdiction was obtained by the concurrent forums;
>
> 5. The vexatious or reactive nature of either proceeding;

---

[2] Unpublished opinions are not binding precedent but may be cited for their persuasive value. 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

>    6. Whether federal law provides the rule of decision; and
>
>    7. The adequacy of the state court action to protect the federal plaintiff's rights.

*Id.*; *Fox*, 16 F.3d at 1082 (citing *Colorado River*, 424 U.S. at 818, and *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 18, 23, 28 (1983)). These factors are not a "mechanical checklist" and "[t]he weight to be given to any one factor may vary greatly from case to case." *Moses H. Cone*, 460 U.S. at 16.

## II.  Application

### A.  Parallel proceedings

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox*, 16 F.3d at 1081 (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991), *cert. denied*, 503 U.S. 971 (1992)). In the State Lawsuit, Brown sued Box's company Boxcer for defamation and tortious interference with business relations based on Box's alleged statements to Machinery Trader. *See* Dkt. No. 7-1 at 4. In this lawsuit, Brown sued Box personally for tortious interference with business relations based on the same alleged statements. *See* Dkt. No. 2. Brown claims the cases are not parallel because Box is not a party to the State Lawsuit in his personal capacity and "his defenses [in the federal case] will be separate and distinct from Boxcer's defenses as an entity." Dkt. No. 8 at 4.

Brown's argument is not persuasive. Regarding identity of parties, Box asserts that he and Boxcer are substantially the same party because "a corporation such as Boxcer can only act through its officers, directors, and employees" and Box "was the only representative of Boxcer that communicated with Machinery Trader." Dkt. No. 9 at 2.[3] The Court agrees. Box and Boxcer,

---

[3] Box also asks the Court to consider that Brown did not join Box in its counterclaim, has not sought leave of court to add Box to the State Lawsuit, and waited to serve Box with this lawsuit until after the pretrial conference in the State Lawsuit. Dkt. No. 9 at 2. These are not proper

while legally distinct, are factually inseparable. Regarding identity of issues, the State Lawsuit counterclaims include the same tortious interference claim Brown asserts here, along with an Oklahoma statutory defamation claim. Brown's argument that Box and Boxcer will assert different defenses is not proven out by the record before the Court. Box asserts in the Motion that his statements to Machinery Trader were not actionable as a matter of law because they were "judgmental epithets" and "mere hyperbole" expressing an opinion rather than statements of fact. Dkt. No. 7 at 6-7. Similarly, though not identically, Boxcer asserts in the State Lawsuit's pretrial order that the statements were incapable of being defamatory as a matter of law. Dkt. No. 7-1 at 5. The parties and issues are substantially the same in this lawsuit and the State Lawsuit, and consequently the Court concludes they are parallel.

### B. *Colorado River* factors

The Court next considers the multi-factor test related to *Colorado River*'s goal of preserving judicial resources. Box concedes the first two factors do not apply: there is no res or tangible property over which either court has assumed jurisdiction and there is no issue of inconvenience associated with the federal forum.[4] Dkt. No. 7 at 4. *See Casa Blanca de Punta*

---

considerations when considering whether the cases are parallel. *Fox*, 16 F.3d at 1081 ("Some courts . . . consider how the state proceedings could have been brought in theory, *i.e.*, what claims and parties could have been included had the federal plaintiff made a timely application to do so . . . . We, however, believe that the better approach is to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." (emphasis in original)). They may, however, be proper considerations when applying the *Colorado River* and *Moses H. Cone* factors.

[4] The Court declines to apply Brown's suggested construction of the first two factors, which would weight them against exercise of the *Colorado River* doctrine under the rule that "any doubt should be resolved in favor of exercising federal jurisdiction." Dkt. No. 8 at 5 (citing *Fox*, 16 F.3d at 1082). Here, there is no doubt about the first two factors, only nullity. As the Court previously noted, "[t]he weight to be given to any one factor may vary greatly from case to case." *Moses H. Cone*, 460 U.S. at 16. The Court therefore does not accord weight in either direction for the first two (2) factors.

*Mita v. Rayment*, No. 19-CV-00188-GKF-JFJ, 2020 WL 4208055, at *5 (N.D. Okla. July 22, 2020) (noting the state and federal courthouses in Tulsa, Oklahoma are within half a mile of each other). Box claims the other factors support a dismissal or stay: piecemeal litigation would result if the same issue proceeded in both tribunals; the State Lawsuit began two years before this case; this case is vexatious or reactive "in that it was filed on December 13, 2021 but not served upon Mr. Box until March 8, 2022, after the pretrial conference, and seeks to reopen issues (and discovery) long after they have been closed" in the State Lawsuit; Oklahoma, not federal, law governs; and state court is sufficient to protect Brown's rights. Dkt. No. 7 at 4-5. The Court generally agrees with Box's summary of the case and gives most significant weight to the fourth and fifth factors, which relate to the maturity of the State Lawsuit and the reactive nature of this case.[5]

Priority between cases should be measured "in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. The State Lawsuit has already progressed through discovery and has a pretrial conference order, which is the culmination of pretrial practice. It is effectively ready for trial, while this lawsuit is barely beginning. *See Osguthorpe*, 705 F.3d at 1235 (factor weighed toward stay or dismissal where "[a]ll progress in this case . . . has been made in the state court").

---

[5] The third factor, regarding piecemeal litigation, and the sixth factor, regarding governing law, are only weakly favorable to Box. While there is certainly a risk of piecemeal litigation with the substantially the same claim being litigated by substantially the same parties in two courts simultaneously, the general rule is that "plaintiffs may freely split a cause of action between federal and state courts." *Carter v. City of Emporia, Kan.*, 815 F.2d 617, 621 (10th Cir. 1987). However, a plaintiff proceeding in two courts at once risks attachment of claim and issue preclusion when a resolution is reached in one case before the other. *Id.*; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state court judgment . . . ."). The sixth factor weighs toward exercising *Colorado River* because state, not federal, law controls; however, this is not determinative. *See Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc.*, 324 F. Supp. 2d 1202, 1207 (D. Kan. 2004) ("[I]f state and federal courts have concurrent jurisdiction over [a] claim, [the sixth] factor becomes less significant.").

Judicial economy is burdened when parties use federal court for "contrived, defensive reaction[s]" to an adversary's claim for relief. *Moses H. Cone*, 460 U.S. at 17 n.20. Brown does not dispute that it waited to serve Box with this lawsuit until after the pretrial conference in the State Lawsuit. *See* Dkt. No. 8.[6] Indeed, it plainly states that it intends to use this suit as a discovery workaround, describing that Machinery Trader "refused to cooperate" with Brown's attempts to depose its employees in the State Lawsuit but complied "with immediate and unquestioning cooperation" when Boxcer attempted to depose the same individuals. *Id.* at 7. Brown claims it "may well need the power of Federal Court jurisdiction to obtain Machinery Trader depositions." *Id.* This does not explain or justify the timing of service after closure of discovery in the State Lawsuit—if a party encountered insurmountable difficulty during discovery, it would be rational to attempt a workaround sooner rather than later—and in turn gives rise to an inference of reactive litigation. *See Osguthorpe*, 705 F.3d at 1235 ("[It has] not escaped our attention that Osguthorpe came to the federal courts for relief only after receiving an unfavorable state-court ruling . . . several years after litigation had begun in [the] state-court system.").

The seventh factor weighs against application of *Colorado River* because Brown accurately points out that Box is not a party to the State Lawsuit in his personal capacity and so Brown's "tortious interference claim against Box will not and cannot be resolved in the [State Lawsuit]." Dkt. No. 8 at 7. However, this factor does not outweigh the other factors because the Court may stay, rather than dismiss, the case.

---

[6] The Court notes that Brown failed to comply with Federal Rule of Civil Procedure 4(l), which requires proof of service be made to the Court. Fed. R. Civ. P. 4(l)(1). However, Box does not challenge the sufficiency of Brown's service, and Brown does not challenge Box's representation of when he was served.

In addition to considering the factors established by *Colorado River* and *Moses H. Cone*, the judicial-economy focus of the *Colorado River* doctrine compels a mention of the Court's current docket situation. The Court has experienced unprecedented caseloads and jurisdictional complexities in the past two years. *See Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022) (describing the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt v. Oklahoma*); *United States v. Budder*, --- F. Supp. 3d ---, 2022 WL 1948762, at *7 (E.D. Okla. Apr. 29, 2022) (collecting cases where federal courts "noted *McGirt's* tremendous impact"). The Court recently entered a general order stating in pertinent part:

> The Court has a significant number of criminal cases awaiting trial due to the COVID-19 pandemic and the decision of the Supreme Court in *McGirt v. [Oklahoma]*, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020). Criminal cases must be tried before civil cases. Absent extraordinary circumstances, civil cases will not be tried before a district judge in the foreseeable future. The Court will address pending motions in civil cases as its schedule permits; however, the Court's ability to do so will be subject to the demands of its criminal docket.

General Order 22-04, Case No. 22-GO-001-JFH (N.D. Okla. Jan. 27, 2022). "Above all, the *Colorado River* factors must 'be applied in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Osguthorpe*, 705 F.3d at 1235-36 (quoting *Moses H. Cone*, 460 U.S. at 21). Here, the realities of the case at hand are that a federal case would progress very slowly given the Court's strained resources. The Court finds that the parallel nature of the State Lawsuit and this lawsuit, the balance of the multi-factor test, and the Court's unprecedented caseload are sufficiently exceptional circumstances to apply the *Colorado River* doctrine.

### C. Dismissal or stay

If a district court finds sufficiently exceptional circumstances to warrant *Colorado River*, the Tenth Circuit has instructed that "the better practice is to stay the federal action pending the outcome of the state proceedings." *Fox*, 16 F.3d at 1083. "In the event the state court proceedings

do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Id.* At the same time, any claim or issue preclusion resulting from a state case's resolution may have binding effect upon the parallel federal case and lead to a prompt resolution of the latter. *See Exxon Mobil Corp.*, 544 U.S. at 293; *Carter*, 815 F.2d at 621. The Court will therefore stay this case pending resolution of the State Lawsuit. At such time as the State Lawsuit concludes, the parties will have the opportunity to brief the question of whether claim or issue preclusion applies in this case.

## CONCLUSION

IT IS THEREFORE ORDERED that Box's motion to dismiss, or in the alternative, to stay [Dkt. No. 7] is GRANTED. All proceedings are hereby STAYED pending resolution of Tulsa County Case No. CJ-2019-4994.

IT IS FURTHER ORDERED that the parties shall file a joint status report in this Court by February 27, 2023 or within thirty (30) days of a final resolution in the State Lawsuit, whichever occurs sooner.

DATED this 25th day of August 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE