IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BROWN TRUCK & EQUIPMENT SALES, LLC, a Tennessee Limited Liability Company,<br><br>**Plaintiff,**<br><br>v.<br><br>NEWTON D. BOX II,<br><br>**Defendant.** | Case No. 21-CV-537-JFH-SH |

## OPINION AND ORDER

This matter is before the Court on the Unopposed Motion to Withdraw filed by R. Brent Blackstock of Brent Blackstock PLC ("Movant"), who is counsel of record for Defendant Brown Truck and Equipment Sales, LLC ("Plaintiff"). Dkt. No. 14. Movant represents that Plaintiff has not maintained communication, "despite numerous phone call and email attempts from attorneys within Brent Blackstock, PLC, impeding the attorney-client relationship." *Id.* at 1.

In this district, an attorney of record shall not withdraw from a case except upon reasonable notice to the client and all other parties who have appeared in the case and by leave of the judge to whom the case is assigned. LGnR4-4. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Sanders v. Sw. Bell Tel., L.P.*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). "Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel; however, there are some situations in which an attorney will be permitted to withdraw even if it results in disruption." *Sanders*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2; *see Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999); *see, e.g., Washington*, 694 F.2d at 1088 (holding that

the district court did not abuse its discretion in granting counsel's motion to withdraw where communication had deteriorated between attorney and client).

Movants indicates that he has advised Plaintiff of his intention to move for withdrawal and that Plaintiff does not object. Dkt. No. 14 at 1. Movant also indicates that he has conferred with counsel for Defendant, Newton D. Box, II, who does not oppose the motion. *Id.* Having reviewed the motion, the Court finds a sufficient basis for Movant's withdrawal from the case. However, Plaintiff is a limited liability company who may not proceed pro se. *See* LCvR 17-1; *see also Am. Contractors Indem. v. Boeding*, 490 F. App'x. 141, 145 (10th Cir. 2012) (holding that a limited liability company could not be represented by a non-attorney on appeal); *Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) (dismissing the limited liability company as a pro se plaintiff); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing cases); *Eberth v. Corey Galyean Trucking, LLC*, No. 12-2289, 2013 WL 5255636, at *3 (D. Kan. Sept. 17, 2013) (holding that a non-attorney could not represent a limited liability company).

IT IS THEREFORE ORDERED that:

(1) the Unopposed Motion to Withdraw [Dkt. No. 14] is GRANTED, and R. Brent Blackstock of Brent Blackstock PLC is terminated as counsel of record for Plaintiff; subject to the condition that papers may continue to be served upon them for forwarding to Plaintiff until such time as Plaintiff appears through new counsel;

(2) Plaintiff is directed to engage replacement counsel to file an entry of appearance no later than October 19, 2022. If Plaintiff fails to obtain counsel to represent it in this action by the set date, default judgment may be entered against it.

(3) R. Brent Blackstock of Brent Blackstock PLC is directed to promptly serve this Order on Plaintiff and to file a certificate of service.

Dated this 19th day of September 2022.

                                                         _____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE